UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie David Jackson,<br>          Plaintiff,<br><br>vs.<br><br>Renfro Corporation at Clinton Distribution; James Boyd, as representative of Renfro Corporation,<br>          Defendants.<br>_____ | C/A No. 6:07-1698-GRA-WMC<br><br>**Report and Recommendation** |

## **Background**

The *pro se* plaintiff brings this action against a former employer[1] and a supervisor alleging that he was wrongfully discharged from his job as "heavy equipment driver." He alleges that on April 10, 2007, his employment was terminated because defendant Boyd, a supervisor, had discovered the plaintiff sleeping on the job on April 9, 2007. The plaintiff alleges that he was not sleeping on the job and that he denied it. The plaintiff further alleges that on the morning of April 9, 2007, at a local sporting goods store, he had a brief interaction with a supervisor from work while he was purchasing his merchandise. *See* Complaint at p.3. The interaction was allegedly a brief discussion about a hundred dollars. Based upon his wrongful termination, the plaintiff requests this Court to "listen to both side[s] and bring to justice." *See* Complaint at p.5.

---

[1] This Court will assume that defendant Renfro Corporation was the employer of the plaintiff. However, in the plaintiff's Answers to Local Rule 26.01 Interrogatories, he lists two work staffing agencies who may have a subrogation interest in this case.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). *See Erickson v. Pardus*, 127 S.Ct. 2197

2

(2007).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### **Discussion**

Because the plaintiff has not presented this Court with a basis for subject matter jurisdiction, his Complaint should be summarily dismissed.  "Federal courts are courts of limited jurisdiction.  A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it."  *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F.Supp.2d 530, 531 (D.S.C. 1999).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).  "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."  *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988).

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

3

To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends, . . . ." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The plaintiff alleges a state law claim for wrongful discharge, which could come within this Court's diversity subject matter jurisdiction if the diversity statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).

The plaintiff alleges that he is a resident of Clinton, South Carolina, and that the location where he and defendant Boyd worked is Clinton, South Carolina. The plaintiff does not allege a corporate domicile, except that Renfro Corporation has a Clinton Distribution location where he worked. The plaintiff does not allege an amount in

4

controversy nor does he specifically seek damages. Liberally construed, he likely seeks money, but the Court has no information regarding the amount sought. Accordingly, this Court has no diversity jurisdiction over the case *sub judice* because the plaintiff's factual allegations are insufficient to support diversity jurisdiction. In fact, it appears that the parties may all be citizens of the State of South Carolina and the amount in controversy does not meet the jurisdictional minimum.

Although the Clerk of Court designated this action as a federal job discrimination action, the plaintiff does not allege any actions, or inferences of, any type of discrimination by the defendants. Title VII, codified at 42 U.S.C. §§ 2000e to 2000e-16, creates a federal cause of action for employment discrimination; however, if this action is based upon Title VII, a claimant must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). A federal court can assume jurisdiction over a Title VII claim only after the claimant has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 136-37 (4th Cir. 1995). These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. The plaintiff's claim with the EEOC "defines the scope of [his] subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *Id.*

South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency" with essentially the same powers as the EEOC – the South Carolina Human Affairs Commission (SCHAC). Accordingly, a claimant must first file his claim with such agency within 180 days from the last act of discrimination. *See id.* (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly obviate the need for the involvement of the federal agency or courts.[2] *See id.* at 136.

Title VII "provides that a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis v. North Carolina Department of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995) (citing § 2000e-5(b)). EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter, "which letter is *essential* to initiation of a private Title VII suit in federal court." *Id.* Plaintiff has not alleged in the Complaint herein that he either has received a right-to-sue letter or is entitled to a right-to-sue letter. Accordingly, this Court has no federal question subject matter jurisdiction over the case *sub judice*.

---

[2]  The timely filing of a verified complaint with the EEOC is another precondition to filing suit.  In South Carolina and other deferral states, the complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding.

6

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 28, 2007

Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).